UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| EUGENE EDWARD LATIMER #192643, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-cv-68 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| TANYA L. CUNNINGHAM, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.        Factual Allegations

Plaintiff Eugene Edward Latimer, an inmate at the Kinross Correctional Facility (KCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Health Care Department Manager Tanya L. Cunningham, Michelle Horton, R.N., Regional Health Care Administrator J. Armstrong, Carol Williams, R.N., Doctor Unknown Benhame, Deputy of Housing Kathy Olson, and Warden Linda Metrish.

Plaintiff claims that he suffers from sleep apnea and that Defendants have refused to provide him with adequate treatment.  The allegations in Plaintiff's complaint, as well as the attached documents, indicate that Plaintiff is obese and has been advised to lose 70 pounds because excess weight is the leading cause of sleep apnea.  According to a February 15, 2006 letter from Defendant Cunningham, Plaintiff has lost 10 pounds of the 70 pounds that he needs to lose.  Plaintiff claims that the Defendants' conduct constitutes a deprivation of his Eighth Amendment rights.  Plaintiff seeks damages.

II.       Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 122 S. Ct. 983 (2002); *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 122 S. Ct. at 984; *Booth*, 532 U.S. at 741, 121 S. Ct. at 1824.  A district court must enforce the exhaustion requirement sua

sponte.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88

(1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative

remedies and should attach to his § 1983 complaint the administrative decision disposing of his

complaint, if the decision is available.  *Brown*, 139 F.3d at 1104.  In the absence of written

documentation, the prisoner must describe with specificity the administrative proceeding and its

outcome so that the court may determine what claims, if any, have been exhausted.  *Knuckles El v.*

*Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000).  A

prisoner must specifically mention the involved parties in the grievance to make prison officials

aware of the problems so that the prison has a chance to address the claims before they reach federal

court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved.  *See* MICH. DEP'T OF

CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or

unsatisfactory conditions of confinement") (effective Nov. 1, 2000).  The burden to allege and show

exhaustion belongs to Plaintiff.  *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139

F.3d at 1104.  This requirement is "so that the district court may intelligently decide if the issues

raised can be decided on the merits."  *Knuckles El*, 215 F.3d at 642.  Plaintiff attaches to his

complaint a copy of a grievance he filed on Defendant Williams and the "Doctor" on October 7,

2005, as well as copies of his step II and III appeals.  However, it does not appear that Plaintiff filed

a grievance on any of the other named Defendants.  An allegation that remedies have been exhausted

is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of

his claims or other evidence showing that he has exhausted his remedies.  *Williams v. McGinnis*, No.

98-1042, 1999 WL 183345, at \*1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642.

Because Plaintiff has only exhausted his claims against one of the named Defendants, the Court may dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson*, *et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at \*1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court may dismiss Plaintiff's action without prejudice.

However, the Court need not first require exhaustion of available administrative remedies when the complaint may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Because Plaintiff's complaint fails to state a claim, the court will dismiss the complaint with prejudice without first requiring Plaintiff to exhaust any available administrative remedies.

III.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff claims that he has been deprived adequate medical care in violation of the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the

inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 2004 WL 2792016, at \*7 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 2004 WL 2792016, at \*6, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or

> omissions sufficiently harmful to evidence deliberate indifference to
> serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate

and prison medical personnel regarding the appropriate medical diagnoses or treatment are not

enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No.

95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results

in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-

5050, 1997 WL 160322, at *2 (6th Cir. April 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a

complete denial of medical care and those cases where the claim is that a prisoner received

inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where,

as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the

treatment, federal courts are generally reluctant to second guess medical judgments and to

constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5

(6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. April 27,

2001); *Jones v. Martin*, 5 Fed. Appx. 434, *cert. denied*, 534 U.S. 833 (2001); *Williams v. Mattson*,

No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999

WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th

Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. April 4,

1997).

In this case, Plaintiff concedes that he was seen by medical personnel. Plaintiff

merely contends that the advice he was given, to lose weight, is inadequate to meet his medical

needs.  However, given that medical personnel have indicated that obesity is the leading cause of

sleep apnea, and Plaintiff is admittedly overweight, a treatment plan which consists of losing weight

does not constitute a deprivation of medical care.  The court concludes that Plaintiff has failed to

support his Eighth Amendment claims against the named Defendants.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the

court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant

to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith

within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the court will assess the

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is

barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:     May 23, 2006              /s/ Gordon J. Quist
                                     Gordon J. Quist
                                     United States District Judge